Mark Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Rafey S. Balabanian*
rbalabanian@edelson.com
Ari Scharg*
ascharg@edelson.com
John Ochoa*
jochoa@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Pro Hac Vice admission to be sought.

[Additional counsel appearing on signature page.]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AARON GARDNER, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff*,<br><br>v.<br><br>JUDSON ENTERPRISES, INC. d/b/a K-DESIGNERS, a Montana corporation,<br><br>   *Defendant*. | Case No. _____<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**1. Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Aaron Gardner ("Gardner") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Judson Enterprises, Inc. d/b/a K-Designers ("K-Designers") to stop its practice of making unsolicited calls to the telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Defendant K-Designers claims to be "one of the largest remodeling contractors in the United States" with a service network covering the Midwest and Western part of the country.

2. Unfortunately for consumers, in an attempt to market and sell its services, Defendant K-Designers repeatedly made unsolicited promotional telephone calls to Plaintiff and the other members of the putative Class's telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

3. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance, as well as the invasion of privacy, that necessarily accompanies the receipt of unsolicited and harassing telephone calls and the monies paid to their telephone carriers for the receipt of such telephone calls.

4. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

5. Plaintiff Aaron Gardner is a natural person and citizen of the State of Minnesota.

6. Defendant Judson Enterprises, Inc., which conducts business under the trade name K-Designers, is a corporation existing under the laws of the State of Montana with its principal

place of business located at 2440 Gold River Road, Suite 100, Gold River, California 95670. Defendant Judson Enterprises regularly conducts business throughout this District, the State of California, and the United States.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because Defendant resides in this District, conducts significant business transactions in this District, solicits consumers in this District, and because it made and continues to make unsolicited calls from this District.

8. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant resides in this District and because Defendant conducts significant business transactions in this District.

## COMMON FACTUAL ALLEGATIONS

9. Defendant K-Designers provides a variety of home remodeling services, such as vinyl siding, replacement windows, bathroom remodeling, and door replacement. Unfortunately, in its pursuit of marketing those services, K-Designers turned to conducting nationwide unsolicited telemarketing campaigns. In fact, Defendant's primary method of soliciting new business is through such telemarketing campaigns. Defendant even operates its own large-scale call center out of its headquarters in Gold River, California to carry out such campaigns.

10. Defendant made (and continues to make) these telemarketing calls to consumers nationwide without their prior express consent to do so.

11. These unscrupulous practices have led to significant backlash from consumers.[1] Complaints range from consumers answering calls and being immediately hung up on, being told that the telemarketing company is a non-profit, simply asking for the call recipient's name and then hanging up, and a hard sell promoting K-Designers's home services. And, consumers who answer calls and request that they immediately cease have their requests ignored—the calls continue unabated, often multiple times per day and numerous times per week.

---

[1] *See*, *e.g.*, http://800notes.com/Phone.aspx/1-800-728-3902 (containing over *400 complaints* regarding Defendant's unsolicited calls) (last accessed May 8, 2014).

12. Likewise, Defendant places repeated and unwanted calls to consumers whose phone numbers are registered with the National Do Not Call Registry. Consumers register their phone numbers on the Do Not Call list for the express purpose of avoiding unwanted telemarketing calls like those alleged here.

13. Defendant is fully aware that these calls are being made through its own efforts and carried out through its own in-house call center.

14. Defendant knowingly made (and continues to make) these telemarketing calls without the prior express consent of the call recipients and knowingly continues to call them after requests to stop. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

**FACTS SPECIFIC TO PLAINTIFF GARDNER**

15. Starting in or around August 2013, Plaintiff Gardner began receiving calls on his landline telephone from the phone number (800) 728-3902.

16. When Plaintiff answered one of the calls, the telemarketer indicated that she was calling from the "K-Designers" and was selling home remodeling services. Plaintiff told the telemarketer to stop calling and requested that he be taken off their call list. Yet, Defendant continued to call, sometimes as many as seven times per day. He also informed the telemarketer that his phone number was registered on the National Do Not Call Registry. After telling Defendant to stop calling several times, the calls ceased.

17. However, in December 2013, the calls began again. In answering some of these calls, Plaintiff again requested that he not be called. Unfortunately, and despite his repeated requests, the calls continued.

18. Plaintiff does not have a relationship with Defendant, has never provided his telephone number directly to Defendant, or requested that Defendant place calls to him or offer him its services. Simply put, Plaintiff has never provided his prior express consent to Defendant to place calls to him and has no business relationship with Defendant.

19. Plaintiff's landline telephone number has been registered with the National Do Not Call Registry since February 2012, for the explicit purpose of avoiding telemarketing calls just

like those alleged in this case.

20. In the previous twelve months, Plaintiff has received numerous, and no less than twelve, phone calls from Defendant, including several calls after he requested that the calls cease.

21. Defendant is and was aware that the above-described telephone calls were and are being made to consumers like Plaintiff who had not consented to receive them and whose telephone numbers were registered with the National Do Not Call Registry.

## CLASS ALLEGATIONS

22. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf of himself and a class defined as follows (the "Class"):

> All individuals in the United States (1) who had his or her telephone number(s) registered with the National Do Not Call Registry for at least thirty days; (2) who received more than one telephone call made by or on behalf of Defendant Judson Enterprises, Inc.; (3) within a 12-month period; and (4) for whom Defendant had no record of consent to place such calls.

Excluded from the Class are (1) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) the legal representatives, successors, or assigns of any such excluded person, and (5) Plaintiff's counsel and Defendant's counsel.

23. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant made telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's records.

24. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a) Whether Defendant's conduct constitutes a violation of the TCPA;

    (b) Whether Defendant systematically made telephone calls to members of the

Class who Defendant did not have a current record of consent to make such telephone calls;

(c) Whether Defendant systematically made telephone calls to members of the Class whose telephone numbers were registered with the National Do Not Call Registry; and

(d) Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

25. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the other Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

26. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

27. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's policies challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class. Plaintiff and the other members

of the Class have suffered similar harm and damages as a result of Defendant's unlawful and wrongful conduct.

28. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On behalf of Plaintiff and the Class)**

29. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

30. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

31. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

32. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any

person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

33. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.
>
> (5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further

telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

34. Defendant violated § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless and residential telephone subscribers such as Plaintiff and the Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in § 64.1200(d)(3).

35. Defendant made more than one unsolicited telephone call to Plaintiff and members of the Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and members of the Class never provided any form of consent to receive telephone calls from Defendant, and/or Defendant does not have a current record of consent to place telemarketing calls to them.

36. Defendant violated § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

37. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one telephone calls in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of § 64.1200.

38. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Aaron Gardner, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff Aaron Gardner as the representative of the Class, and appointing his counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendant to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**AARON GARDNER**, individually and on behalf of class of similarly situated individuals,

Dated: May 12, 2014       By:   /s/ Mark Eisen
                                 One of Plaintiff's Attorneys

Mark Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Rafey S. Balabanian*
rbalabanian@edelson.com
Ari Scharg*
ascharg@edelson.com
John Ochoa*
jochoa@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
201 South Biscayne Boulevard, 28th Floor
Miami, Florida 33131
Tel: 877.333.9427
Fax: 888.498.8946

* *Pro Hac Vice* admission to be sought.

CLASS ACTION COMPLAINT                 9                    CASE NO. _____