Mark Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100

Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Ari Scharg (Admitted *Pro Hac Vice*)
ascharg@edelson.com
John Ochoa (Admitted *Pro Hac Vice*)
jochoa@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff and the putative Class*

[Additional counsel appearing on signature page.]

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON GARDNER, individually and on behalf of all others similarly situated,<br><br>       *Plaintiff*,<br><br>       v.<br><br>JUDSON ENTERPRISES, INC. d/b/a K-DESIGNERS, a Montana corporation,<br><br>       *Defendant*. | Case No. 2:14-cv-01159-TLN-DAD<br><br>**JOINT INITIAL STATUS REPORT** |

Plaintiff Aaron Gardner ("Plaintiff") and Defendant Judson Enterprises, Inc. d/b/a K-Designers ("Judson" or "Defendant") (collectively, the "Parties") submit the following Joint Initial Status Report in accordance with this Court's May 12, 2014 Order (Dkt. 4), and Local Rule 240, and in support thereof, state as follows:

**(a)     Summary of the Claims**

Plaintiff alleges that Defendant made thousands of unsolicited phone calls to consumers nationwide from its own call center in an effort to market and sell its services, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").  Specifically, Plaintiff alleges that Defendant made these telemarketing calls without obtaining the putative class members' prior express consent, after those individuals had expressly requested that it cease making such calls, and/or despite the fact that the telephone number(s) called were registered on the National Do Not Call Registry.

**(b)     Service Upon Defendant**

Defendant was properly served with the summons and original complaint in this matter on May 14, 2014 (Dkt. 11).

**(c)     Potential Joinder of Additional Parties**

At this time, the Parties do not anticipate joining additional parties in this matter, but propose that any such amendments be made no later than January 12, 2015.

**(d)     Contemplated Amendments to the Pleadings**

At this time, the Plaintiff does not anticipate any amendments to the pleadings, but reserves the right to do so based on information learned through discovery.  Defendant anticipates amending its Answer to Plaintiff's Complaint.  The Parties propose that any such amendments be made no later than January 12, 2015.

**(e)     Bases of Jurisdiction and Venue**

The Court has federal question subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute.  Based on Plaintiff's allegations, venue is proper because Defendant resides in this District, conducts significant business transactions in this District, solicits consumers in this

District, and because it made and continues to make unsolicited calls from this District.

**(f)     Proposed Discovery Plan**

*(1)     Initial Disclosures*

The Parties propose that they exchange their respective Rule 26(a)(1) disclosures no later than July 30, 2014.  The Parties do not anticipate any changes to the form or requirements for disclosure under Rule 26(a).

*(2)     Scope of Discovery*

Plaintiff anticipates taking discovery on the following non-exhaustive list of topics: (1) the total number and identity of individuals to whom Defendant and/or its agents made the unauthorized calls at issue; (2) the total number of calls Defendant and/or its agents made to those individuals; (3) the methods by which Defendant and/or its agents obtained the telephone numbers called; (4) the equipment Defendant and/or its agents used to make the calls; (5) policies or procedures maintained by Defendant and/or its agents related to the making of the telephone calls; (6) records of consent to make the calls (if any); (7) records of individuals' request(s) that Defendant and/or its agents cease making such calls; (8) policies and/or procedures maintained by Defendant and/or its agents related to obtaining consent of individuals to be called and/or otherwise complying with the TCPA and the FCC's Regulations prescribed thereunder; (9) contracts between Defendant and its agents related to making the telephone calls; and (10) communications between Defendant and its agents related to making the telephone calls.

Defendant anticipates taking discovery on the following non-exhaustive list of topics: (1) the identity of all internet websites visited by Plaintiff within the last twenty-four months to which he submitted his personal information (i.e. name and/or address and/or phone number and/or email address); (2) the identity of any litigation involving violations of the TCPA, other than the present suit, in which Plaintiff has been the moving party; (3) any and all phone numbers, either landline or cellular, on which Plaintiff claims to have received unsolicited calls in violation of the TCPA; (4) the identity of any and all telephone solicitors who contacted Plaintiff within the last twenty-four months; (5) the records of  Plaintiff that identify any and all no-call requests he has made; (6) the names and phone numbers of any and all parties who contacted Plaintiff subsequent to any

specific no-call request; (7) the content of any and all communications between Plaintiff and Defendant's agents; (8) and, the content of any and all communication between Plaintiff and any person or entity, other than Defendant, from whom he claims to have received unsolicited calls.

       *(3)    Changes and Limitations in Discovery*

At this time, the Parties do not anticipate exceeding the presumptive limits set by the Federal Rules of Civil Procedure.

       *(4)    Expert Witness and 26(a)(2) Disclosures*

The Parties propose that expert witnesses be disclosed by April 3, 2015, and that rebuttal experts be disclosed by May 1, 2015.  The Parties further propose that 26(a)(2) disclosures be exchanged by July 1, 2015.

       *(5)    Discovery Cut-Off*

The Parties propose that fact discovery be completed by March 4, 2015.  The Parties further propose that expert discovery be completed by June 5, 2015.

**(g)    Non-Discovery Motion Cut-Off**

The Parties propose the following non-discovery motion cut-off dates:

| EVENT | PARTIES' PROPOSED DEADLINE |
|---|---|
| *Plaintiff's Deadline to File Motion for Class Certification* | July 22, 2015 |
| *Defendant's Deadline to File Opposition to Motion for Class Certification* | August 19, 2015 |
| *Plaintiff's Deadline to File Reply in Support of Motion for Class Certification* | September 9, 2015 |
| *Deadline to File Dispositive Motions* | Eight (8) weeks following the Court's Order on class certification |
| *Deadline to File Oppositions to Dispositive Motions* | Twenty-eight (28) days following the filing of dispositive motions |
| *Deadline to File Replies in Support of Dispositive Motions* | Twenty-one (21) days following the filing of |

|  | oppositions to dispositive motions |
|---|---|

**(h)     Final Pretrial Conference and Trial Dates**

The Parties propose that these dates be set following the Court's ruling on dispositive motions.

**(i)     Estimated Days of Trial and Jury Demand**

The Parties estimate a jury trial lasting five (5) court days.

**(j)     Special Procedures**

The Parties do not anticipate the necessity of any special procedures.  The Parties do not agree to proceed before a magistrate judge.

**(k)     Modification to Standard Pretrial Procedures**

At this time, the Parties do not foresee a need to modify the standard pretrial procedures provided in the Local Rules.

**(l)     Statement of Related Cases**

The Parties are not aware of any related cases.

**(m)     Prospects for Settlement**

The Parties have had preliminary settlement discussions.  At this time, the Parties are reviewing informally produced documents, and do not think that a settlement conference should be scheduled at this time.

**(n)     Remaining Matters**

At this time, the Parties do not believe there are any other matters that may be conducive to the just and expeditious disposition of the case.

Respectfully submitted,

**AARON GARDNER,** individually and on behalf of classes of similarly situated individuals,

Dated: July 14, 2014         By: /s/ Mark S. Eisen
                                                One of Plaintiff's Attorneys

Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com

| | |
|---|---|
| 1 | Ari Scharg (Admitted *Pro Hac Vice*) |
| | ascharg@edelson.com |
| 2 | John Ochoa (Admitted *Pro Hac Vice*) |
| | jochoa@edelson.com |
| 3 | EDELSON PC |
| | 350 North LaSalle Street, Suite 1300 |
| 4 | Chicago, Illinois 60654 |
| | Tel: 312.589.6370 |
| 5 | Fax: 312.589.6378 |

Mark Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100

Stefan Coleman, Esq.
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
201 S Biscayne Blvd, 28th Floor
Miami, Florida 33131
Tel: (877) 333-9427

*Attorneys for Plaintiff and the putative Class*

**JUDSON ENTERPRISES, INC. d/b/a K-DESIGNERS**,

Dated: July 14, 2014         By: /s/ Tony K. Smith
                                  One of Defendant's Attorneys

Tony K. Smith (SBN – 210512)
tks95747@gmail.com
1299 Antelope Creek Drive. #258
Roseville, CA 95678
Tel: 916-496-2639
Fax: 916-853-9840

*Attorney for Defendant Judson Enterprises, Inc.*

## **CERTIFICATE OF SERVICE**

    I, Mark S. Eisen, an attorney, hereby certify that on July 14, 2014, I served the above and foregoing ***Joint Initial Status Report***, by causing true and accurate copies of such papers to be sent to all counsel of record in this Action via the Court's CM/ECF system.

                                                               /s/ Mark S. Eisen